IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN DALE SHEFFIELD, | § | |
| (TDCJ No. 2348354), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:24-cv-1581-E-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Dale Sheffield, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and standing order of reference from United States District Judge Ada Brown.

The State filed a response opposing relief. *See* Dkt. No. 12. Sheffield did not file a reply.

For the reasons explained below, the Court should deny Sheffield's federal habeas petition.

**Applicable Background**

A jury found Sheffield guilty of possession of a controlled substance 4-200 grams with intent to deliver, evading arrest or detention in a vehicle, and unlawful possession of a firearm by a felon. *See State v. Sheffield*, DC-F201900865-1 (413th

Dist. Ct., Johnson Cnty., Tex. May 12, 2021); *see also* Dkt. No. 9-4 at 46, 50, 53. The

jury sentenced him, respectively, to 60, 5, and 10 years of confinement. *See id.*

 Sheffield has twice before challenged these convictions and sentences through

*pro se* habeas petitions under Section 2254. *See Sheffield v. Texas*, 3:19-cv-2399-D-

BK, 2020 WL 690666 (N.D. Tex. Jan. 16, 2020); *Sheffield v. Director, TDCJ*, No. 3:23-

cv-605-X-BN, 2023 WL 4607002 (N.D. Tex. Mar. 31, 2023).  The Court declined to

adjudicate Sheffield's habeas petitions because he had not procedurally exhausted

his claims. *See id.*

 In his latest petition before the Court, Sheffield raises the following grounds

for relief:

1. The trial court denied him a speedy trial, causing him not to have any witnesses at trial;

2. The trial court lacked jurisdiction to try him because no offense was committed; and

3. The trial court denied him counsel at trial.

*See* Dkt. No. 3 at 6, 8.

## Legal Standards and Analysis

 A petitioner must fully exhaust state remedies before seeking federal habeas

relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal

basis of any claim to the highest available state court for review in a procedurally

correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see*

*also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion

doctrine demands more than allusions in state court to facts or legal issues that might

be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))).

In Texas, a prisoner must present his claims to the Court of Criminal Appeals ("CCA") in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a Section 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure

to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Sheffield's latest Section 2254 petition reveals that he has again failed to fully exhaust applicable state court remedies.

Sheffield first complains that he was denied his right to a speedy trial. *See* Dkt. No. 3 at 6. While he raised this claim prior to his trial and conviction, the CCA found a claim for speedy trial was not cognizable in a pre-trial writ. *See Ex parte Sheffield*, 685 S.W.3d 86, 94-95 (Tex. Crim. App. 2023). Sheffield has since failed to raise the claim in a petition for discretionary review or an application for state post-conviction relief. And, so, he is prevented from obtaining federal review of this claim until he affords the CCA an opportunity to review its merits.

Sheffield also claims that the trial court lacked jurisdiction to try him because no offense was committed. *See* Dkt. No. 3 at 6. He previously argued that the trial court lacked jurisdiction because the state's petition for discretionary review was pending with the CCA during his trial. But Sheffield has never made a claim in Texas courts that the trial court lacked jurisdiction because a no crime was committed. *See* Dkt. No. 9-34 at 19-20; *see also* Dkt. No. 9-59 at 2-3. Similarly, Sheffield has never claimed that the trial court denied him his right to counsel. *Id.*; *see also* Dkt. No. 8.

The CCA must first have an opportunity to consider these novel claims before Sheffield may raise them in federal court.

Sheffield failed to obtain a decision from the CCA on his three grounds for relief prior to seeking federal review. He has failed to exhaust state court remedies in a procedurally correct manner, and his Section 2254 petition should be denied without prejudice pursuant to Rule 4. *See, e.g.*, *Sam v. La.*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

## Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should deny Sheffield's Section 2254 habeas application without prejudice to his right to fully and properly exhaust state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2025.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE